889 So.2d 313 (2004)
Benjamin HARRISON
v.
BALDWIN MOTORS and Louisiana Automobile Dealers Association Self-Insured Fund.
No. 2003 CA 2682.
Court of Appeal of Louisiana, First Circuit.
November 3, 2004.
Rehearing Denied December 28, 2004.
*314 Robert C. Lowther, Covington, for Plaintiff-Appellant Benjamin Harrison.
Stephen W. Brooks, Jr., Shannon K. Lowry, Richard J. Voelker, Covington, for Defendants-Appellees Baldwin Motors and La. Automobile Dealers Assoc. Self-Insured Fund.
Before: FOIL, PARRO, and KUHN, JJ.
PARRO, J.
An employee appeals the judgment of the Louisiana Office of Workers' Compensation Administration (OWC),[1] which denied his claim for workers' compensation benefits based on a finding that he failed to prove by a preponderance of the evidence a causal connection between an alleged April 4, 2002 accident and his current condition. For the following reasons, we affirm.

*315 Facts and Procedural History

Benjamin Harrison (Harrison) was employed by Baldwin Motors (Baldwin), a car dealership, as a laborer whose duties involved grass cutting, landscaping, and vehicle detailing. On Thursday, April 4, 2002, Harrison allegedly received a serious and disabling injury to his neck and right arm when the lawnmower on which he was riding struck a metal object in the ground. After said accident, Harrison finished cutting the grass and performed other routine work duties. He reported to work as usual on Friday, as well as the following Monday, Tuesday, and Wednesday. Upon experiencing discomfort while detailing a vehicle on Wednesday, April 10, 2002, Harrison reported the April 4, 2002 incident to Baldwin in connection with a request for medical attention. Initially, Harrison was believed to have suffered from a sprain of his right shoulder and a cervical sprain; however, a later MRI revealed a disc herniation at the C3-C4 level and at the C4-C5 level. Although the C4-C5 level central disc herniation was shown to have been associated with a prior accident, Harrison's treating orthopedic surgeon, in a deposition, related the more problematic right paracentral disc herniation at the C3-C4 level to the April 4, 2002 accident and recommended surgery. Although Harrison did not return to work at Baldwin, he worked at various temporary jobs.
After investigating Harrison's right to benefits, Baldwin and its insurer denied his claim. Harrison subsequently filed a formal claim with the OWC against Baldwin for workers' compensation benefits, penalties, and attorney fees. Following a trial, Harrison's claim for workers' compensation benefits was dismissed. From this decision, Harrison appealed, contending the workers' compensation judge (WCJ) was manifestly erroneous in finding that he failed to prove a causal connection between the April 4, 2002 accident and his current condition. Additionally, he submits the WCJ erred in failing to afford him the opportunity to fully examine the claims adjuster relative to the denial of his claim and in failing to award penalties and attorney fees.

Standard of Review
In a workers' compensation case, as in other cases, the appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Department of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Kennedy v. Security Industrial Insurance Company, 623 So.2d 174, 175 (La.App. 1st Cir.), writ denied, 629 So.2d 389 (La.1993). The two-part test for the appellate review of facts is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). An appellate court may not set aside a trial court's factual finding unless, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. Stobart v. State, Through Dept. of Transportation and Development, 617 So.2d 880, 882 (La.1993). Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

Discussion
The Workers' Compensation Act provides coverage to an employee for personal *316 injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031(A). An employee must prove the chain of causation required by the workers' compensation statutory scheme as adopted by the legislature. He must establish that the accident was work-related, the accident caused the injury, and the injury caused the disability. DeGruy v. Pala, Inc., 525 So.2d 1124, 1130 (La.App. 1st Cir.), writ denied, 530 So.2d 568 (La.1988).
Initially, a workers' compensation claimant has the burden of establishing by a preponderance of the evidence[2] that an accident[3] occurred on the job and that he sustained an injury. Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987); Borel v. Dynamic Offshore Contractors, 626 So.2d 565, 567 (La.App. 3rd Cir.1993), writ denied, 93-2993 (La.1/28/94), 630 So.2d 801. Next, he must establish a causal connection between the accident and the resulting disability by a preponderance of the evidence. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979). Causation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the fact finder based on all credible evidence. DeGruy, 525 So.2d at 1132.
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). Corroboration of the worker's testimony may be provided by the testimony of co-workers, spouses, friends, or by medical evidence. Bruno, 593 So.2d at 361. Barring circumstances that cast suspicion on the reliability of the worker's uncontradicted testimony, the WCJ should accept the testimony as true when determining whether the worker has discharged his burden. Brown v. Kwok Wong, 01-2525 (La.App. 1st Cir.12/20/02), 836 So.2d 315, 319. If the evidence leaves the probabilities of causation equally balanced, the worker has failed to carry his or her burden of proof. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974).
The threshold issue presented to this court is whether the WCJ erred in finding that Harrison did not meet his burden of proof that he sustained a work-related accident that caused his neck and right arm problems. Whether a claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers' compensation judge. Bruno, 593 So.2d at 361.
The testimony and documentary evidence in this case cast serious doubt on Harrison's credibility. Harrison's account of the accident at the trial of this matter differed from the version of the incident offered in his deposition. In an attempt to *317 corroborate his version of the alleged incident, Harrison called a former co-worker to testify. This co-worker's testimony was inconsistent with that given by Harrison. Particularly, we note that the co-worker embellished on Harrison's complaints and symptoms on the day of the alleged accident; whereas, in his deposition, Harrison denied that he experienced any type of pain that same day, and at trial, he explained that he felt a little pain in his neck on that day. Furthermore, other actions and inactions by Harrison, as well as his inability to remember certain significant details, cast suspicion on Harrison's credibility. The WCJ noted that at times Harrison's testimony and demeanor were highly suspect, vague, and evasive resulting in an ultimate finding by the WCJ that Harrison was not a credible witness.
The WCJ's factual finding that Harrison failed to prove that he sustained a work-related accident that caused his neck and right arm injuries was based in large part on credibility determinations made by her. We find that there was a reasonable basis for the WCJ to find that the testimony of Harrison was unreliable and that neither the medical evidence presented nor the events following Harrison's alleged injury supported or corroborated Harrison's claim of a work-related injury. Based on the evidence presented in this case and credibility determinations made by the WCJ, we conclude a reasonable factual basis existed for the WCJ's finding that Harrison failed to carry his burden of proving by a preponderance of the evidence that he sustained a work-related accident that caused his neck and right arm injuries.[4] Further, our review of the record establishes the WCJ was not clearly wrong. Because we conclude the WCJ was not clearly wrong in this finding, it is unnecessary to address the other issues raised in Harrison's appeal.

Decree
For the foregoing reasons, the decision of the Louisiana Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to Benjamin Harrison.
AFFIRMED.
NOTES
[1] Workers' Compensation Judge Elizabeth A. Warren, of District 6, presided over the trial of this matter.
[2] Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Toth v. Ensco Environmental Services, Inc., 546 So.2d 188, 190 (La.App. 1st Cir.), rev'd on other grounds, 551 So.2d 623 (La.1989), writ denied, 551 So.2d 632 (La.1989).
[3] The term "accident" is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." LSA-R.S. 23:1021(1).
[4] In so ruling, we render no opinion as to whether the condition complained of by Harrison constitutes a disability as defined in the Workers' Compensation Act. Furthermore, we conclude that additional testimony by the claims adjuster would not have aided the claimant in establishing his burden of proof regarding causation.