# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 06-612

**VIRGIL HEBERT**

**VERSUS**

**C.G. LOGAN CONSTRUCTION, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 04-08739
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED.**

**Mark Alfred Ackal**
**Attorney at Law**
**P. O. Box 52045**
**Lafayette, LA 70505**
**(337) 237-5500**
**Counsel for Defendant/Appellant:**
**C.G. Logan Construction, Inc.**

**Jay Anthony Pucheu**
**Attorney at Law**
**P. O. Box 310**
**Marksville, LA 71351**
**(318) 253-5080**
**Counsel for Plaintiff/Appellee:**
**Virgil Hebert**

**EZELL, JUDGE.**

C.G. Logan Construction (Logan) appeals the decision of the workers' compensation judge awarding Virgil Hebert supplemental earnings benefits (SEB), temporary total disability benefits (TTD), penalties and attorney fees resulting from an alleged work-related accident.

Mr. Hebert worked for Logan as a laborer. On October 13, 2004, he alleges he injured his back after cutting a piece of pipe with a chop saw. Mr. Hebert claims that after bending down to cut the pipe, he rose with the saw in his hand and felt a sudden weakness in his lower back. The incident was unwitnessed. Mr. Hebert did not report the incident that day and continued to work the rest of his shift. Mr. Hebert did not return to work the next week, claiming he thought the injury would heal itself. He did not notify anyone at Logan that he was not coming into work, or of the reason. He did not seek medical attention.

On Saturday, October 23, 2004, ten days after the alleged accident, he had still not notified anyone at Logan of his absence or any reason therefore. That night, Mr. Hebert saw Kent Richie, the owner of Logan at a local bar. After being asked why he had not been to work, Mr. Hebert told Mr. Richie that he has suffered an injury on the job.[1] Mr. Richie told Mr. Hebert to come into the office and file a workers' compensation report on Monday. Mr. Hebert did not show up to file report until Wednesday.

After the workers' compensation injury report was filed, Mr. Hebert was sent to Dr. Gillespie twice by Logan. Dr. Gillespie found that Mr. Hebert had a back sprain and recommended light work and physical therapy. Mr. Hebert never returned to work for Logan and it denied his workers' compensation claim. Mr. Hebert then

---

[1]There is conflicting testimony as to the content and duration of this conversation.

1

filed this workers' compensation suit seeking medical and indemnity benefits.

The workers' compensation judge awarded Mr. Hebert SEB for the time period between the date of the accident, October 13, 2005, through January 10, 2005, the date prior to Mr. Hebert's appointment with Dr. McCann. The workers' compensation judge awarded TTD from January 11, 2005, through December 20, 2005. These TTD were to continue subject to the rights of the parties under the Workers' Compensation Act. Finally, the workers' compensation judge awarded $2,000.00 in penalties for the failure to approve continuing medical care, $2,000.00 in penalties for failure to pay indemnity benefits, and $7,500.00 in attorney fees to Mr. Hebert. From this decision, Logan appeals.

In its first assignment of error, Logan claims that the workers' compensation judge erred in concluding Mr. Hebert had sustained an injury by accident suffered in the course and scope of employment. For the following reasons, we disagree.

In a workers' compensation case, as in other cases, the appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. *Smith v. La. Dep't of Corr.*, 93-1305 (La. 2/28/94), 633 So.2d 129. Whether a claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers' compensation judge. *Harrison v. Baldwin Motors*, 03-2682 (La.App. 1 Cir. 11/3/04), 889 So.2d 313, *writ denied*, 05-249 (La. 4/1/05), 897 So.2d 609.

A workers' compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury. *Holiday v. Borden Chem.*, 508 So.2d 1381 (La.1987). A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious

2

doubt upon the worker's version of the incident and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). Corroboration of the worker's testimony may be provided by the testimony of co-workers, spouses, friends, or by medical evidence. *Id*. Barring circumstances that cast suspicion on the reliability of the worker's uncontradicted testimony, the fact finder should accept the testimony as true when determining whether the worker has discharged his burden. *Brown v. Kwok Wong*, 01-2525 (La.App. 1 Cir. 12/20/02), 836 So.2d 315.

Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of the trier of fact, for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener's understanding and belief in what is said. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Stobart v. State, Through Dep't. of Transp. and Dev.,* 617 So.2d 880 (La.1993).

The workers' compensation judge stated in his oral ruling that he felt this case hinged on the credibility of the witnesses. He found the testimony of Mr. Hebert to be credible. Mr. Hebert was consistent in his testimony and in his accounts to his doctors and employers as to how he sustained his injury – that he injured his back while standing up after bending over to cut a pipe with a chop saw. The workers' compensation judge found that Mr. Hebert's testimony was corroborated by the medical records of Dr. Gillespie and Dr. McCann, who both found Mr. Hebert to have a back sprain. Dr. Gillespie placed Mr. Hebert on light duty, with no lifting over twenty pounds. Dr. McCann placed Mr. Hebert on no work at all. Both doctors

3

recommended physical therapy for Mr. Hebert.

While the record certainly contains facts and testimony that could call Mr. Hebert's version of the accident into question, the workers' compensation judge found him to be a credible witness. As such, we owe his decision on this issue great deference. Based on the weight the workers' compensation judge gave to Mr. Hebert's testimony and the medical records of the treating physicians, there exists a reasonable factual basis for the finding of the workers' compensation judge that Mr. Hebert proved he sustained a work-related injury. Accordingly, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990). Therefore, we can afford no merit to this assignment of error.

Logan next claims that the workers' compensation judge erred in finding that Mr. Hebert is entitled to SEB, claiming that he was unable to prove that he was incapable of earning ninety percent of his wages due to his work-related injury. Again, we must disagree.

An employee is entitled to receive SEB if he sustains a work-related injury that results in his inability to earn ninety percent or more of his average pre-injury wage. La.R.S. 23:1221(3)(a). The employee bears the burden of proving, by a preponderance of the evidence, that the work-related injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. *Lafleur v. Alec Elec.*, 04-3 (La.App. 1 Cir. 12/30/04), 898 So.2d 474, *writs denied*, 05-276, 05-277 (La. 4/8/05), 898 So.2d 1287, 1288.

Mr. Hebert was awarded SEB from the date of the accident until January 10,

4

2005. During this time, Dr. Gillespie had placed Mr. Hebert on light-duty work, with a weight restriction of twenty pounds. The record establishes that to perform the work required of him at Logan, Mr. Hebert would be forced to lift pipes weighing between twenty and thirty pounds, a chop saw of the same weight, and manhole covers weighing around one hundred pounds. The light-duty restriction clearly prevented him from performing his prior job. The workers' compensation judge found that Logan did not show any job available to Mr. Hebert that paid him ninety percent of his pre-accident wages. We can find no manifest error in this conclusion.

Next, Logan argues that the workers' compensation judge erred in awarding TTD to Mr. Hebert, as it alleges he did not prove he was physically unable to work. We disagree. On January 11, 2005, Dr. McCann restricted Mr. Hebert from all work after examining his back. This restriction ran until early March, 2005. This fact clearly proves that Mr. Hebert was unable to work during that period. This claim is without merit. However, Logan alternatively argues that TTD, if awarded, should have been terminated in early March, 2005. We agree with Logan that TTD should have ended at that time.

Mr. Hebert last saw Dr. McCann on February 2, 2005. At that time, Dr. McCann again diagnosed Mr. Hebert with the same sprain, again recommended physical therapy, and again placed Mr. Hebert on no work. However, the restriction was to last only four weeks, or until March 8, 2005. After the February appointment, Mr. Hebert never went back to Dr. McCann. While he did see another doctor, no restrictions we placed on him after his February appointment with Dr. McCann. Additionally, Mr. Hebert stated that he did not even take all the pain medications Dr. McCann prescribed for him. He admitted to helping his brother-in-law on painting jobs at this time, and while he stated he was concerned about how it would affect his

5

back, he felt as if he could resume his job at Logan around April or May. There is no proof in the record that Mr. Hebert could not work after March 8, 2005. Accordingly, the award of TTD past this date is in error.

Finally, Logan claims that the workers' compensation judge erred in awarding penalties and attorney fees for the failure to pay medical and indemnity benefits. An employer avoids the imposition of penalties and attorney fees by satisfying its continuing obligation to investigate, assemble, and assess factual information prior to it denying benefits. *Wright v. Cypress Gen. Contractors, Inc.*, 05-700 (La.App. 3 Cir. 12/30/05), 918 So.2d 526, *writ denied*, 06-238 (La. 4/24/06), 926 So.2d 553.

We find that Logan failed to meet this continuing obligation. The adjuster/investigator assigned to Mr. Hebert's claim, Phillip Moory, testified that prior to speaking with Mr. Hebert, he had already begun to suspect fraud based on interviews with employees of Logan. However, he had no noted or documentation of these interviews. He stresses that the denial was based in part on allegations about a prior accident involving Mr. Hebert's back, despite there being discrepancies among Logan personnel and himself as to how the alleged accident was discovered.[2] Mr. Moory testified that he denied the claim after speaking with Mr. Hebert on November 2, 2004, prior to Mr. Hebert being seen by any medical doctor. After Mr.Hebert was diagnosed with a sprain by Dr. Gillespie, Logan's doctor of choice, no change was made at all in the manner in which his case was handled. The workers' compensation judge found that the claim was denied on mere suspicion of

---

[2]Moreover, the accident in question was in 1996, eight years prior to this claim. Mr. Hebert was in a rollover accident. The hospital admission form mentioned trauma to the back, although no damage was ever found. Mr. Hebert claimed to never suffer from back pain as a result of the auto accident, and Logan employees testified that he was clearly able to work after the 1996 accident without back problems. Despite Mr. Moory's and Logan's constant referrals to this accident, the workers' compensation judge found this accident to be unrelated and completely irrelevant to the case at hand. We completely agree with the workers' compensation judge's assessment of this matter.

fraud.  Mere suspicion is not enough to discontinue benefits.  *Bushnell v. S. Farm Bureau Cas. Ins. Co.*, 271 So.2d 267 (La.App. 3 Cir. 1972).  We find no error in the award of penalties and  attorney fees.

For the above reasons, the decision of the workers' compensation judge is amended to terminate the award of TTD to Mr. Hebert after March 8, 2005.  Otherwise, the decision is affirmed.  Costs of this appeal are to be split by the parties.

**AFFIRMED AS AMENDED.**