BELSOME, J.
[2Appellant, Joyce A. Bennett, appeals the ruling of the Office of Workers’ Compensation (OWC), denying additional workers’ compensation benefits subsequent to the date of her termination on January 27, 2005. Ms. Bennett claims that a job related injury, which occurred on November 13, 2000, left her totally disabled and unable to return to her duties at St. Tammany Parish Hospital (STPH).
STPH employed Ms. Bennett as an instrument technician. Ms. Bennett claims that on November 13, 2000 she injured her back, neck, left leg, and hip while putting surgical instruments away. More specifically, while transferring the surgical instruments from a three-tier cart to a closet, she felt a pain in her leg and back. Subsequently she visited the emergency room at STPH and was told to follow up with her treating physician Dr. Mark Hon-tas.
At the time that Ms. Bennett presented herself to the emergency room of STPH, she informed the nurse on duty that she was currently on Lortab and had finished a Medrol dose pack two weeks prior. She further indicated that she had been treating with Dr. Mark Hontas for sciatica. There was no notation of a work incident related to the pain nor was a work incident report filled out. Ms Bennett followed up with Dr. Hontas but did not disclose any work related injury.
Even though a worker has a preexisting condition, which in its ordinary course may have produced disability she is *929 nevertheless entitled to workers’ compensation benefits if a work related accident brings about disabling consequences. See Allor v. Belden, 393 So.2d 1233 (La.1981). LSA-R.S. 23:1021(1), in part, defines the term “accident” as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently .... ” However, an insignificant condition of employment that aggravates a pre-exist-ing injury is not an “accident.” Green v. New Orleans Public Service, Inc., 413 So.2d 257 (La.App. 4 Cir.1982).
Evidence submitted at trial included the live testimony of Ms. Bennett and the submission of medical records and deposition testimony. The OWC judge concluded that Ms. Bennett failed to establish by a preponderance of the evidence that she sustained a work related injury that caused the resulting disability.
Ms. Bennett’s testimony provided the lower court with various accounts of what she contends was the incident that caused her disability. Her recollection was inconsistent as to what she was doing when she allegedly injured herself, but at no time does she describe an identifiable | ^precipitous event. Rather, Ms. Bennett states that she was just walking with the instruments and she felt pain.
' Dr. John Sweeney, an orthopedic surgeon, evaluated Ms. Bennett in March 2001. Dr. Sweeney surmised that Ms. Bennett was suffering from degenerative disk disease at multiple levels of the lumbar spine. He further noted that she may have suffered a superimposed sprain on pre-existing lumbar degenerative disk condition, and that she was at her point -of maximum medical improvement. Dr. John Watermeier’s deposition dated September 2003, indicated that it was his opinion Ms. Bennett had reached maximum medical improvement. He also stated that Ms. Bennett was able to return to work in a sedentary or possibly even a light duty capacity.
The OWC judge discounted Ms. Bennett’s credibility, referencing inconsistencies in her testimony and medical history. Furthermore, several of the physicians who evaluated Ms. Bennett suggested that she exaggerated her symptoms and may be malingering. The OWC judge found that the record as a whole did not support Ms. Bennett’s contentions that her alleged permanent disability was work related.
On appeal Ms. Bennett maintains that the lower court erred: 1) in finding that her injury was not a work related injury; 2) in not granting and any additional workers’ compensation benefits, including temporary total, permanent partial, or supplemental earning benefits; 3) in not granting any penalties or attorney’s fees; and 4) in denying the claimant’s request for a continuance in order to depose the treating physician of the claimant prior to trial on the merit.
The appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the “manifest error-clearly wrong” standard. Dean v. Southmark Const., 2003-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. Deference is due to the factfinder’s determinations regarding the credibility of witnesses “for only the factfinder can. be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and inferences are more reasonable. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993).
*930 Additionally, this circuit has held that an employee’s workers’ compensation “... case must fail if the evidence shows only a possibility of a causative accident or leaves it to | ¿speculation or conjecture.” Harrison v. Baldwin Motors, 03-2682, p. 5 (La.App. 1st Cir.11/3/04), 889 So.2d 313, 316 writ denied, 05-0249 (La.4/1/05), 897 So.2d 609 citing Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974). Given the record as a whole, this court cannot find that the OWC judge’s findings are manifestly erroneous or clearly wrong. This Court’s determination is dispositive of all but one of Ms. Bennett’s assignments of error. Ms. Bennett’s one outstanding assignment of error regarding the denial of a continuance of the trial was not briefed as required by Rule 2-12.4, Uniform Rules, Courts of Appeal and thus not properly before the court. Accordingly, we affirm the OWC’s judgment.
AFFIRMED.