666 So.2d 1246 (1996)
Charles Roger SMITH, Plaintiff-Appellee,
v.
FRUEHAUF TRAILER OPERATIONS, Defendant-Appellant.
No. 27864-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1248 Mayer, Smith & Roberts by Alex S. Lyons, Shreveport, for Defendant-Appellant.
A. Michael Boggs, Bossier City, for Plaintiff-Appellee.
Before MARVIN, NORRIS and STEWART, JJ.
NORRIS, Judge.
Fruehauf Trailer Operation and its insurer, Transportation Insurance Company, appeal the hearing officer's rulings that Charles Smith's claim had not prescribed, that his disability is related to his on-the-job injury at Fruehauf, and the failure to give credit for the disability payments Fruehauf funded. Finding that Smith's claim for weekly and medical benefits had prescribed, we reverse and render.

Factual History
On September 6, 1988 Charles Smith, at the time a welder and mechanic for Fruehauf, slipped in some grease and twisted his back at work. He felt immediate pain in his lower back and went to see the company doctor, family practitioner Dr. Marcus Spurlock, that same day. Dr. Spurlock diagnosed severe lumbar strain, prescribed anti-inflammatory medication and sent him to Tietjen Physical Therapy. Smith completed the six week course of physical therapy and on October 14, 1988, Dr. Spurlock felt the strain had resolved and released him to return to full duty. Smith received weekly disability benefits through October 18, and medical expenses through November 7, 1988.
According to Smith, his back pain persisted even after the treatment, though he was able to work. On May 21, 1991, Smith's back pain became so bad that he went to the Bossier Medical Center emergency room. According to the medical report, Smith stated he strained his back lifting a Weed Eater the day before, and a subsequent coughing fit resulted in more severe pain and the trip to the emergency room. Smith was again diagnosed with muscle strain. Despite the referral to an orthopedic surgeon, for financial reasons Smith chose to see a chiropractor, Dr. Louie Ballis. Dr. Ballis treated Smith from May 23 to July 17, 1991, and released him with no residual problems expected. On April 14, 1992, Smith returned to the emergency room complaining of severe lower back pain. This medical record reflects that his low back pain intensified when he helped his friend set a large light pole the day before. Dr. Ballis treated Smith again from May 7 to July 31, 1992. As of July 31, 1992 the pain became so severe that Smith could no longer work; he has not worked since. On August 3, 1992, Smith returned to the Bossier Medical Center emergency room for back pain, and was referred to an orthopedic surgeon, Dr. Michael Acurio. On August 5, based on Smith's long history of back pain, Dr. Acurio diagnosed lumbar strain with a herniated disc; subsequent MRI results confirmed a herniated disc at L4-5, for which Smith underwent a diskectomy and laminectomy. The defendants denied Smith's request for benefits and medical expenses related to treatment for the herniated disc, and on October 22, 1992 Smith filed the instant claim.
In March 1993, defendants filed an exception of prescription, urging that Smith's claim for compensation and medical benefits, allegedly based on an accident at work over four years ago, had prescribed. Defendants denied that the "developing injury" theory of La.R.S. 23:1209 A applied because Smith knew of his injury and resulting disability immediately after the accident. Regardless, they argued the statute requires action within two years of the accident. Smith, apparently attempting to avoid the two-year limitation for developing injuries, argued that because the injury was immediately apparent the matter was governed by one-year prescription, which was "interrupted" until he knew of the resulting disability or August 1992. In any event, he argued the two-year period under § 1209 A was also subject to interruption or suspension. On March 29, 1994, the hearing officer overruled the exception of prescription, but provided no written or oral reasons for the decision.
*1249 The parties submitted the case on written stipulations and the depositions of Smith, Dr. Acurio, Dr. Ballis and Dr. Spurlock. On September 22, 1994, the hearing officer rendered judgment finding that Smith's herniated disc, subsequent back surgery and continuing related medical treatment were related to and arose out of his on-the-job accident in September 1988. She awarded weekly temporary total disability benefits and all related medical expenses, subject to a credit for any medical expenses previously paid. From this judgment, the defendants have appealed, urging as error the denial of the exception of prescription, the finding that the herniated disc is related to the September 1988 accident at work, and finally, the calculation of the award.

Prescription
La.R.S. 23:1209 A provides three prescriptive periods for the filing of compensation claims: (1) one year from the accident when the injury is immediately manifest; (2) one year from the last payment of compensation benefits (three years for supplemental earnings benefits); and (3) one year from the time the injury develops, but not more than two years from the accident, when the injury does not result at the time of or develop immediately after the accident.[1]Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La. App. 2d Cir.1991). The third period is commonly known as the "developing injury" rule. In addition, § 1209 C provides that claims for medical benefits prescribe one year from the date of the accident unless payments have been agreed upon, but in any event, three years from the date of the last payment of medical benefits.
Defendants first contend that Smith's claim, filed more than three years after the date of the last payment of weekly disability and medical benefits, has prescribed. They strongly urge that we apply the one-year prescriptive period, contending that Smith's injury "developed" immediately after the accident.
This case falls squarely within the rubric of developing injuries, mirroring a case decided recently by the Supreme Court. Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859 (La. 4/10/95), 652 So.2d 1323. There, Ms. Sevin sustained an on-the-job injury on December 20, 1988. After a brief recuperative period, during which her employer paid benefits and medical expenses, she returned to work. In December 1989 she was diagnosed with a herniated disc, but continued to work in pain. She worked until April 1990 when the pain became severe; a neurosurgeon eventually discovered two bulging discs for which she underwent several surgeries. She instituted her claim for benefits on August 31, 1990.
The employer claimed prescription because more than one year had elapsed since the last payment of weekly benefits. The hearing officer sustained the exception and the appellate court affirmed. The Supreme Court reversed, however, finding that this was a developing injury and that she timely filed her claim within one year from the date the disability developed and within two years of the accident.[2]
Similarly, Smith was injured on-the job on September 6, 1988. After a brief recuperative period he returned to work despite continued pain; he worked until July 31, 1992, when he could work no longer. Dr. *1250 Acurio's subsequent finding of a herniated disc confirmed Smith's disability. The developing injury rule applies here. Regardless of whether Smith's claim was timely filed within one year of the date the injury (disability) developed, he did not file within two years from the date of the accident as required by § 1209 A. This is not necessarily fatal to Smith's claim.
The Supreme Court originally classified the two-year provision for developing injuries as a peremption which could not be interrupted or suspended. La.C.C. art. 3461; Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1972). The two-year provision has since been reclassified as prescriptive. Malone & Johnson, 14 Louisiana Civil Law Treatise (Workers' Compensation), § 384 (1994 ed); Lester v. Rebel Crane and Serv. Co., 393 So.2d 674, 676 n. 2 (La.1981).[3] It may therefore be interrupted or suspended. La.C.C. arts. 3462-72.
Because Smith's claim, filed more than four years after his work-related accident, is plainly prescribed on its face, he bears the burden to show that prescription was interrupted or suspended during this time. Baker v. Conagra Broiler Co., 93-1230 (La.App. 3d Cir. 5/4/94), 640 So.2d 494, writ denied 642 So.2d 1289 (9/23/94). Relying on the jurisprudential doctrine of contra non valentem, Smith contends prescription was suspended as long as his cause of action was not known or reasonably knowable to him. Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979).[4] Stated otherwise, he argues it did not begin to run until he was aware, or should have been aware, that the injury and its resultant disability were work-related. Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978); Robicheaux v. Lafayette OB/GYN Clinic, 607 So.2d 990 (La. App. 3d Cir.1992). The trial court, in overruling the exception of prescription, apparently accepted this. We cannot, however, sustain this ground for suspension which flies directly in the face of the plain intent as expressed by the legislature in § 1209 A.
The legislature has the authority to set time limitations on legal actions. Lott v. Haley, 370 So.2d 521 (La.1979); Rusher v. Winningham Nissan Volvo Inc., 550 So.2d 784 (La.App. 2d Cir.1989). Legislation also governs the suspension or interruption of prescription. La.C.C. arts. 3462, 3464, 3469; see also art. 3467, Revision Comments1982, (d). The legislature has expressly overruled the application of the fourth exception of contra non valentem in developing injury workers' compensation cases filed more than two years after the work-related accident. This law is clear and unambiguous. As applying it as written does not lead to absurd consequences, there is no reason for further inquiry into legislative intent. La.C.C. art. 9; New Orleans Rosenbush Claims Service v. City of New Orleans, 94-2223 (La. 4/10/95), 653 So.2d 538.
In fact, § 1209 A is strikingly similar to the medical malpractice statute, La.R.S. 9:5628, which extends the filing of a malpractice claim to one year from the date of discovery of the alleged act, omission or neglect, but mandates filing at the latest within three years from the date of the alleged act, omission or neglect.[5] The Louisiana Supreme *1251 Court has consistently held that this provision was intended to restrict the application of the "discovery rule," or fourth category of contra non valentem. Rajnowski v. St. Patrick's Hosp., 564 So.2d 671 (La.1990); Whitnell v. Menville, 540 So.2d 304 (La.1989); Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986); Chaney v. State, through DHHR, 432 So.2d 256 (La.1983). In other words, as the Court in Hebert concluded, "§ 9:5628 is a prescription statute with a qualification, that is, the contra non valentem type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission or neglect." Hebert, supra at 725.
Likewise, we hold that R.S. 23:1209 A is a prescription statute with an added intentional restriction that the discovery rule under the contra non valentem doctrine is inapplicable after two years from the date of the accident with respect to developing injuries. The Supreme Court and this court as well have, in fact, implicitly recognized such a restriction. Sevin, supra; Swearingen v. Air Products & Chemical Inc., 481 So.2d 122, 124 (La.1986); Duncan v. State, through DOTD, 556 So.2d 881, 889 (La.App. 2d Cir.1990).[6] Moreover, this interpretation is consistent with case law under the developing injury rule which recognizes only those exceptions falling under the third category of contra non valentem, that is, where the employer has either paid wages in lieu of compensation or lulled the employee into a false sense of security, thereby discouraging a lawsuit. Siemssen v. Manpower Temporary Services, 95-80 (La.App. 5th Cir. 5/30/95), 656 So.2d 1115, 1117, and citations therein.
In short, because more than two years had passed since Smith's accident at Fruehauf, § 1209 A bars the filing of this claim; the fact that the injury did not develop, as Smith alleges, until August 1992 does not suspend prescription in this case. Smith has not argued, nor does the record in this case support, any other ground for suspension or interruption.
Defendants also contend that the hearing officer erred in finding that Smith's claim for medical benefits had not prescribed. Smith does not specifically address this contention. The prescriptive period for medical benefits is provided by La.R.S. 23:1209 C:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Notably, this subsection does not contain the developing injury rule or the limitation of the discovery rule of contra non valentem that appears in § 1209 A; presumably this means that with respect to medical benefits, the ordinary rules of contra non valentem apply. Corsey, supra. Smith received medical benefits following his on-the-job injury through November 7, 1988. He therefore had until November 7, 1991 to file a claim for medical benefits. See Lee v. East Baton Rouge Parish School Bd., 623 So.2d 150 (La.App. 1st Cir.), writ denied 627 So.2d 658 (1993); Holmes v. Baton Rouge Water Works Co., supra. Smith has not asserted, nor do we find, any grounds to interrupt or suspend the three-year prescription in the instant case. At the latest, by November 1991, Smith knew or should have known the extent of his back injury and that it was related to his on-the-job accident; he went to the emergency room that April for a flare-up of pain, declined a referral to see an orthopedic surgeon and received chiropractic treatment from May *1252 until July of that year. Lee, supra. Under the facts presented, Smith is charged with knowing what he could have learned through reasonable diligence. Corsey, supra. On this record, Smith's claim is barred. For the reasons expressed, we conclude that the hearing officer erred in failing to sustain the exception of prescription. Having so found, we pretermit discussion of Smith's other assignments of error. The judgment of the hearing officer is reversed, and judgment rendered dismissing Smith's claim with prejudice. Costs of this appeal are assessed to the appellee, Charles Smith.
REVERSED AND RENDERED.
NOTES
[1] La.R.S. 23:1209 A states:

In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed * * *. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment * * *. Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
[2] As recognized by the Supreme Court in Sevin, the "time the injury develops," meaning the date the disability develops, is typically also the time it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner. Sevin, supra at 1326.
[3] See also Bledsoe v. Willowdale Country Club, 94-234 (La.App. 5th Cir. 9/27/94), 643 So.2d 1302; Davis v. United General Ins. Co., 93-738 (La.App. 3d Cir. 2/2/94), 631 So.2d 572; Melancon v. Lone Star Industries, Inc., 503 So.2d 631 (La.App. 4th Cir.), writ denied, 503 So.2d 1017 (1987); Miller v. Olinkraft, Inc., 395 So.2d 902 (La.App. 2d Cir. 1981).
[4] In Corsey, the Court enumerated four situations which suspend the running of prescription: (1) where some legal cause prevented the courts or their officers from taking cognizance or acting on the plaintiff's action; (2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Corsey, supra at 1321-1322.
[5] La.R.S. 9:5628 provides:

No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect (emphasis added).
[6] See also Franz v. New Orleans Breakers, 515 So.2d 1120 (La.App. 5th Cir. 1987); Holmes v. Baton Rouge Water Works Co., 558 So.2d 629 (La.App. 1st Cir.1990).