914 So.2d 579 (2005)
Pamela TAYLOR, Plaintiff-Appellant
v.
WAL-MART STORES, INC., Defendant-Appellee.
No. 40,179-WCA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
Rehearing Denied October 21, 2005.
*580 Pamela Taylor, In Proper Person.
Allen & Gooch, by Charles Martin Kreamer, Sr., Lafayette, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
CARAWAY, J.
The workers' compensation judge ("WCJ") denied payment of temporary total indemnity benefits and medical expenses after finding that the employee had not succeeded in her burden of proving a disability that prevented her return to work. Finding no manifest error in that determination, we affirm.

*581 Facts

On September 23, 2002, Pamela Taylor ("Taylor") was working as a cake decorator for Wal-Mart when she slipped and fell after retrieving a sheet cake from a freezer. Taylor alleged that for two months before the accident, water was puddling around the freezer. No other employee witnessed Taylor's fall, although Rodriquez Kelly heard Taylor's calls and found her lying on the floor. Kelly claimed that he had also fallen because of the puddled water. Two other employees testified that the back of Taylor's clothing was wet after the incident.
Taylor immediately reported to Willis-Knighton Work Kare ("Work Kare") and was released to light duty work. In accordance with her treatment plan, Taylor returned to Work Kare on September 27. She was examined and diagnosed with contusions and muscle strain of her left shoulder, left elbow and anterior chest muscle. She was prescribed pain medication and released to light duty work with a twenty pound lifting restriction. Taylor was scheduled to return as needed or on October 4, 2002. Taylor also visited the Christus Schumpert Hospital emergency room on September 27, 2002 where she received a diagnosis of shoulder pain and released with instructions to return to Work Kare as necessary.
Taylor began chiropractic treatment on September 30, 2002, with Dr. Louie T. Ballis for her neck, back and headache pain. Taylor received daily treatment from Dr. Ballis for two weeks. Thereafter, she visited the chiropractor three times per week through April 4, 2003.[1] Throughout her treatment, Dr. Ballis directed Taylor to reduce her activity. He diagnosed Taylor with severe cervical and lumbar myospasm and narrowed lumbar disc space.
At the onset of chiropractic treatment, Dr. Ballis recommended that Taylor be limited to light duty work for ten days (until October 14, 2002) with a ten-pound lifting restriction and no pushing, stooping, squatting, prolonged sitting or standing activity. On October 1, 2002, Wal-Mart issued a "Return to Work Activity Prescription" recognizing these limitations and subsequently offered Taylor alternative employment duties within her light duty prescription. Wal-Mart assigned Taylor a work schedule for cake decorating using a stool beginning October 11, 2002 through October 16, 2002. Taylor returned to work on October 14, 2002, but could only work for one hour.
On October 15, 2002, Taylor filed a disputed claim for worker's compensation benefits. Wal-Mart terminated her employment on October 31, 2002. On November 8, 2002, Taylor missed an independent medical examination scheduled in Baton Rouge because she did not have the funds to get there. On November 22, 2002, Wal-Mart's pre-certification physician provider declined to recommend additional treatment by Dr. Ballis due to lack of medical necessity. Wal-Mart paid no indemnity benefits and authorized payment for only fourteen chiropractic treatments.
After trial, the WCJ denied Taylor's request for temporary total disability benefits and any further medical expenses. Specifically, the WCJ determined that Taylor failed to prove that the accident caused a disability or that she was unable to engage in any employment. Taylor was also denied further medical benefits. Taylor appeals the ruling.

*582 Discussion

An injured employee seeking temporary total disability benefits must prove by clear and convincing evidence that she is physically unable to engage in any employment, regardless of its nature, including employment while working in pain. La. R.S. 23:1221(1); Lewis v. Chateau D'Arbonne Nurse Care Center, 38,394 (La.App. 2d Cir.4/7/04), 870 So.2d 515. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, i.e., much more probable than its nonexistence. Id. A claimant may prove disability through medical and lay testimony. The WCJ must weigh all of the evidence to determine if the claimant has met her burden of proving temporary total disability. Id.
Under La. R.S. 23:1203, medical payments are separate and distinct from compensation indemnity benefits. McGuyer v. Fidelity & Cas. Co. of N.Y., 39,450 (La.App. 2d Cir.3/2/05), 895 So.2d 701. A workers' compensation claimant may recover medical expenses that are reasonably necessary for the treatment of a medical condition caused by a work-related injury. Lewis v. Chateau D'Arbonne Nurse Care Center, supra. The plaintiff must prove the necessity of the treatment and the causal connection between the treatment and the employment-related accident by a preponderance of the evidence. McGuyer v. Fidelity and Casualty Co. of N.Y., supra.
Whether the claimant has carried her burden of proof and whether testimony is credible are questions of fact to be determined by the hearing officer. Lewis v. Chateau D'Arbonne Nurse Care Center, supra. Factual finding in workers' compensation cases are subject to the manifest error rule. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Id. An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Id. The trial court is in a superior position to the appellate court to evaluate the credibility of witnesses. Where two permissible views of the evidence exist, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
On appeal, Taylor urges various assignments of error in support of her claim that the WCJ's ruling should be overturned. Three of her concerns involve whether the WCJ erred in finding that Taylor had not proven her entitlement to temporary total benefits or additional medical expenses and whether the offered alternative job fell within Taylor's job restrictions.
At trial, Taylor presented the testimony of five witnesses regarding Taylor's fall and work habits. Taylor also testified. She provided no testimony from either Dr. Ballis or a medical doctor. Although she claimed that she was unable to work in January of 2003, Taylor admitted that Dr. Ballis released her to light duty work and never classified her as totally disabled. Taylor stated that she only worked for one hour on October 14, 2002, and she had to go home because it was too painful. Taylor admitted that she sought medical attention in 1991 and 1997 for low back, neck and shoulder pain and muscle spasms in her upper back. X-rays from 1991 revealed a narrowing of a cervical disc and fibromyositis of the cervical spine. Taylor acknowledged that she had also fallen at Wal-Mart in 2000.
Laura Garner, trainer coordinator for Wal-Mart, testified that Wal-Mart considered the job of cake decorator with the aid of a stool to be a light duty position which *583 met Taylor's restrictions. Garner did not think any of the cakes weighed more than twenty pounds, although they could weigh more than five pounds. Garner testified that if a cake weighed more than ten pounds, Wal-Mart would have arranged for someone else to pick it up for Taylor.
The documentation submitted by the parties included Taylor's medical records. In relevant part, Taylor also submitted Dr. Ballis's completed light duty restriction recommendation and diagnosis forms. Wal-Mart included documentation of the pre-certification denial of further treatment of Taylor by Dr. Ballis.
We find this evidence to be insufficient to satisfy Taylor's burden of proof for temporary total disability benefits or additional medical benefits. Taylor admitted that Dr. Ballis released her to light duty work and that he never indicated that she was totally disabled. Dr. Ballis's uncontradicted recommendation corroborates that testimony. In short, Taylor presented no evidence showing that she was at any time totally disabled from employment. Further, the uncontested pre-certification denial of further treatment of Taylor by Dr. Ballis is adequate to defeat Taylor's claim to reimbursement for more than the fourteen visits approved by Wal-Mart.
Finally, Taylor makes no claim for supplemental earnings benefits nor did she attempt to demonstrate that she is unable to earn 90% or more of her prior wage. La. R.S. 23:1221(3)(a). Also, Taylor testified that she tried to obtain work at another bakery. The WCJ obviously rejected Taylor's claim that she could not perform her former job without debilitating pain. Such a credibility determination will not be disturbed on appeal. Otherwise, the testimony of Wal-Mart's trainer coordinator sufficiently shows that the offered employment qualified as a light duty job within the restrictions set by Dr. Ballis. These determinations moot the remainder of Taylor's arguments.
On these grounds we find that Taylor's claims have no merit. The judgment of the WCJ is affirmed with costs of this appeal assessed to Taylor.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, CARAWAY, PEATROSS, DREW, and MOORE, JJ.
Rehearing denied.
NOTES
[1] Although Taylor apparently continued to see Dr. Ballis through November, 2004, she claimed reimbursement only through April, 2003.