976 So.2d 307 (2008)
Wilbert J. LEMONS, Plaintiff-Appellee
v.
GEORGIA PACIFIC CORPORATION, Defendant-Appellant.
No. 42,950-WCA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
*309 Hurlburt, Privat & Monrose by Shannon Seiler Dartez, Lafayette, for Appellant.
Caldwell & Caldwell by James D. Caldwell, Shreveport, for Appellee.
Before STEWART, PEATROSS & DREW, JJ.
PEATROSS, J.
This appeal arises from the claim of Plaintiff, Wilbert J. Lemons, for workers' compensation benefits. Plaintiff was injured in 1984[1] while working for Defendant, Georgia Pacific Corporation. He was treated at the time for an injury to his back and received workers' compensation benefits for that injury.
In February 2004, Plaintiff slipped and fell on ice while working as a contractor for a different employer. After the fall, Plaintiff underwent back surgery at the recommendation of his doctor and sought workers' compensation benefits from Defendant claiming that the fall merely aggravated the old injury to his back from when he worked for Defendant. The workers' compensation judge ("WCJ") granted Defendant's exception of prescription *310 on Plaintiff's claim for indemnity benefits. After a trial on Plaintiff's claim for medical benefits, the WCJ held that the 2004 slip and fall was an aggravating injury to his 1984 injury and was compensable by Defendant. The WCJ awarded Plaintiff medical benefits, plus penalties and attorney fees. Defendant appeals, arguing that the 2004 injury is an intervening and superseding injury for which no workers' compensation benefits are due and, in the alternative, that the WCJ erred in the amount of medical expenses awarded. Plaintiff answered the appeal, arguing that his claim for indemnity benefits had not prescribed and seeking additional attorney fees.

FACTS
Plaintiff was injured in 1984 while moving 100-pound cartons of asphalt in the course of his employment with Defendant. After moving 23 cartons, Plaintiff heard his back "pop" and felt some discomfort in his back. Defendant paid indemnity and medical benefits associated with the injury. The last indemnity payment was on or about December 31, 1986, and the last payment for the injury was February 19, 1987.
In 1996, Plaintiff left his employment with Defendant and started his own trucking company. He leased his services to Landstar Inway and, in February 2004, Plaintiff was in Michigan for his work with Landstar. While he was tying down his load, he slipped on the ice and fell. A subsequent MRI in May 2004 revealed an extruded disc fragment that was severely impinging a nerve root. Plaintiff's treating physician, Dr. Austin W. Gleason, recommended surgery. Landstar Inway paid some medical and disability benefits as a result of the accident, but denied his claim for the surgery because of his pre-existing back injury from 1984. Plaintiff then filed a claim with Defendant seeking medical and indemnity benefits. Defendant denied the claim and this suit ensued.
Early in the proceedings, the WCJ granted Defendant's exception of prescription, finding that Plaintiff's claim for indemnity benefits had prescribed.[2] Following a trial on the merits, the WCJ, in oral reasons for judgment, found that the extruded disc was a result of Plaintiff's 1984 injury and that medical benefits were due. The WCJ awarded Plaintiff medical expenses in the amount of $36,207.80, plus legal interest from date of judicial demand. The WCJ also found that Defendant failed to timely pay the claim; and, therefore, assessed Defendant a $2,000 penalty and awarded Plaintiff $3,000 in attorney fees.

DISCUSSION

Exception of Prescription
In his answer to this appeal, Plaintiff argues that the WCJ erred in finding that Plaintiff's claim for indemnity benefits had prescribed. La. R.S. 23:1209 A provides three prescriptive periods for the filing of compensation claims: (1) one year from the accident when the injury immediately manifests; (2) one year from the last payment of compensation benefits (three years for supplemental earnings benefits); and (3) one year from the time the injury develops, but not more than two years from the accident, when the injury does *311 not result at the time of or develop immediately after the accident.[3]Smith v. Fruehauf Trailer Operations, 27,864 (La.App. 2d Cir.1/24/96), 666 So.2d 1246. The third period is commonly known as the "developing injury" rule. Id. The two-year provision contained in the developing injury rule is prescriptive and not peremptive and may be interrupted or suspended. Id. This court has rejected, however, the rationale that, under the doctrine of contra non valentem prescription is suspended simply because the cause of action, in this case the work-related disability, was not known or reasonably knowable to him. Id.
Plaintiff argues that his claim has not prescribed, under the developing injury rule, because a new prescriptive period started with the 2004 slip and fall that aggravated the work-related injury. In support, Plaintiff quotes the following from Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers' Compensation, § 384 (4d Ed.2002), to wit:
An initial accidental injury may leave the worker highly susceptible to a second mishap, which, upon its occurrence, produces disability. Though some compensation may have been paid during treatment for the first injury, the prescriptive period on a suit for disability benefits resulting from the second and disabling accident does not start running until that accident takes place.
The prescriptive period Professor Johnson was referring to, however, was the one-year period from the date of the injury and not the two years from the date of the on-the-job accident. Importantly, in a footnote to the above quoted language, Professor Johnson clarifies that "[T]he claimant is always subject to the period of two years from the accident," referring to the original on-the job-accident.
Appellate courts have held that an aggravating injury that makes a previous injury into a disability starts the one-year period anew. Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859 (La.4/10/95), 652 So.2d 1323; Stewart v. Hosp. Affiliates Int'l Inc. of Baton Rouge, 394 So.2d 647 (La.App. 1st Cir.1980), aff'd 404 So.2d 944 (La.1981). In those cases, however, the claim was still filed within two years from the date of the on-the-job accident. Claims filed two years after the on-the-job accident are prescribed, even if the disability arose outside of two years from the accident. Smith v. Fruehauf Trailer Operations, supra; Mackie v. Coast Quality Construction, 95-668 (La. App. 5th Cir.12/13/95), 666 So.2d 1173, writ denied, 96-0687 (La.5/10/96), 672 So.2d 922. In the case sub judice, the two years from the original accident have long expired as has the other two prescriptive periods provided for in La. R.S. 23:1209 A. Even under the developing injury rule, *312 Plaintiff had to have brought his claim for indemnity benefits within two years of his 1984 accident. We, therefore, affirm the granting of Defendant's exception of prescription.

Aggravation of Injury
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Id. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own inferences and evaluations are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993).
The employee in a workers' compensation action bears the burden of proving his disability and its causal relation with the employment accident. Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Hughes v. General Motors Guide Lamp Division, 469 So.2d 369 (La.App. 2d Cir. 1985). The law is well settled that an aggravation of a work-related injury is regarded as compensable and as resulting from the initial work accident even though it occurs away from work and even after the employment is terminated. Kelly v. City of New Orleans, 414 So.2d 770 (La. 1982); Hollingsworth v. East Baton Rouge Parish School Bd., 94,0518 (La. App. 1st Cir.12/15/95), 666 So.2d 376, writ denied, 96-0165 (La.3/15/96), 669 So.2d 422; Hanover Ins. Co. v. Allstate Ins. Co., 554 So.2d 1261 (La.App. 1st Cir.1989); Hughes, supra. It is a compensable injury for workers' compensation purposes, and the employer is obligated to continue paying benefits. Kelly, supra; Stewart v. Hospitals Affiliates Int'l, Inc. of Baton Rouge, 404 So.2d 944 (La.1981).
In the case sub judice, the uncontroverted evidence shows that Plaintiff's 2004 fall on the ice aggravated the 1984 work-related injury. Plaintiff's treating physician, Dr. Gleason, testified in his deposition that it was his opinion that the extruded disc was related to the 1984 injury. His deposition testimony is consistent with his May 17, 2004 progress report when he stated:
It is my opinion, after carefully evaluating his chart, that this problem that he is having now is, in fact, directly related to his original injury of 1984. These recent episodes of sleeping in his cab and slipping on the ice were aggravations but not the absolute cause of his original herniated disc.
While Defendant asserts that some testimony in the record indicates that the surgery may not have been necessary if Plaintiff had not fallen on the ice, such a possibility does not adequately controvert Dr. Gleason's clear opinion.
In addition, Defendant focuses on the comparison of an MRI of Plaintiff's back taken in January 2004 to one taken in May 2004 subsequent to his fall. Defendant argues that, because no extruded disc fragment was apparent on the January 2004 MRI, the extruded disc must be considered to be related to the slip and fall. The evidence that most supports Defendant's argument is a letter from Dr. Donald Smith, the neurosurgeon who performed *313 Plaintiff's back surgery. In comparing the two MRI images, Dr. Smith states, "[b]oth studies show some disc abnormalities at L4-5 and L5-S1 level. The L5-S1 level on the right side is much larger on the May films than is depicted on the January imaging." Even if the size of the abnormality shown on the MRI is markedly larger, the WCJ was not clearly wrong in finding that the increased severity of Plaintiff's condition was an aggravation of the 1984 injury. Notably, the extruded fragment was in the same location as Plaintiff's previous injury.
Although Defendant highlights the evidence that the fall on the ice certainly worsened the Plaintiff's previous back injury, Defendant remains liable for aggravation of a work-related injury. Defendant presented no evidence that the extruded fragment was unrelated to the 1984 injury. After our review of the record, we cannot say that the WCJ's ruling was manifestly erroneous, and we affirm the ruling that Defendant is liable for medical expenses related to the 2004 aggravation of Plaintiff's 1984 work-related injury.

Amount of Medical Expenses
Defendant further argues, however, that the WCJ erred in the amount of medical expenses awarded to Plaintiff. The WCJ awarded Plaintiff the medical expenses detailed on one of his exhibits, totaling $36,207.80. Under La. R.S. 23:1203, medical payments are separate and distinct from compensation indemnity benefits. Taylor v. Wal-Mart Stores, Inc., 40,179 (La.App. 2d Cir.9/21/05), 914 So.2d 579, writ not considered, 06-0144 (La.4/17/06), 926 So.2d 500, cert. denied, ___ U.S. ___, 127 S.Ct. 982, 166 L.Ed.2d 783 (2007). A workers' compensation claimant may recover medical expenses that are reasonably necessary for the treatment of a medical condition related to a work-related injury. Id.
To recover medical expenses authorized under La. R.S. 23:1203, the claimant must prove by a preponderance of the evidence that the expenses are reasonably necessary for treatment of a medical condition caused by the work-related injury. Roussell v. St. Tammany Parish School Board, 04-2622 (La.App. 1st Cir.8/23/06), 943 So.2d 449, writ not considered, 06-2362 (La.1/8/07), 948 So.2d 116. An award of medical expenses must be limited to those expenses shown to have been made necessary by the work-related accident. A claimant is not entitled to recover for medical expenses where he or she fails to substantiate a claim. Id. Nonetheless, when a claimant alleges that he or she incurred medical expenses and that allegation is supported by a bill, unless there is sufficient contradictory evidence or reasonable suspicion that the bill is unrelated to the accident, it is sufficient to support the inclusion of the item in the judgment. Id. Whether the claimant is entitled to medical benefits is ultimately a question of fact, and the fact finder's resolution of that issue may not be disturbed by the appellate court in the absence of manifest error. Id.
Plaintiff supported his medical expenses with bills from his various medical providers. The medical records included in the record establish that the services were necessary for Plaintiff's work-related injury. Plaintiff's medical records were admitted into evidence from most of his health care providers and those records established that the provided services were for treatment of Plaintiff's back injury, including after his 2004 fall aggravated his prior injury. Those records also contain sufficient evidence that the remaining charges, for which the medical records were not *314 submitted, were also for treating Plaintiff's work-related injury.
Defendant argues that some of the medical expenses from Dr. Gleason are extinguished as having been previously paid. La. R.S. 23:1212(A) provides that:
Except as provided in Subsection B, payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, or by Medicaid or other state medical assistance programs of medical expenses that are owed under this Chapter, shall extinguish the claim against the employer or insurer for those medical expenses. This Section shall not be regarded as a violation of R.S. 23:1163. If the employee or the employee's spouse actually pays premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums.
This provision is not self-operating. Authement v. Wal-Mart, 02-2434 (La.App. 1st Cir.9/26/03), 857 So.2d 564. The employer must plead its La. R.S. 23:1212 offset and prove it with evidence showing that a payment of a certain amount of the employee's medical expenses was made by a person other than the employee, a relative or friend of the employee. Id.; Gros v. Gaudin, 02-309 (La.App. 5th Cir.10/16/02), 831 So.2d 304.
While Defendant made a sufficient pleading, it submitted no evidence as to what expenses were paid or that those expenses were not paid by Plaintiff, a relative or a family member. Defendant simply points to a statement of account from Dr. Gleason's office that has some notations that there were arguably insurance payments and offsets. Defendant must submit evidence, however, that the premiums for such insurance were not paid by Plaintiff. Smith v. Roy O. Martin Lumber Co., 03-1441 (La.App. 3d Cir.4/14/04), 871 So.2d 661, writ denied, 04-1311 (La.9/24/04), 882 So.2d 1144. We conclude, therefore, that Defendant failed to carry its burden of proving extinguishment under La. R.S. 23:1212(a).
Defendant also argues that the medical expenses should have been reduced to the amount recoverable under the workers' compensation fee schedule as mandated by La. R.S. 23:1203(B).[4] When an employer denies the claim from the beginning, it must pay the actual medical expenses incurred and cannot avail itself of the fee schedule. Louviere v. Food & Fun, Inc., 06-469 (La.App. 3d Cir.10/11/06), 941 So.2d 155; Smith v. Roy O. Martin Lumber Co., supra. This is because claimant is then forced to fund the costs of medical treatment himself and because, if the employer denies the claim from the outset, it has no right to pre-approve any treatment. La. R.S. 23:1142(E); Smith v. Roy O. Martin Lumber Co., supra. Since Defendant has continuously denied its liability, it is liable for the actual medical expenses incurred by Plaintiff.

*315 Penalties and Attorney Fees

Failure to make timely payments subjects an employer to penalties and attorney fees unless the claim is reasonably controverted. La. R.S. 23:1201. For a claim to be reasonably controverted, an employer must have some valid reason or evidence upon which to base its denial of benefits. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. The employer must have engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the information presented by the claimant. Id. The determination that penalties and attorney fees are warranted is determined based on the facts known by the employer at the time of its refusal. Spence v. Industrial N.D.T., 31,744 (La. App. 2d Cir.3/31/99), 731 So.2d 473. The assessment of penalties and attorney fees is a finding of fact which should not be disturbed on appeal absent manifest error. Id.
Defendant argues that Plaintiff's claim for medical expenses was reasonably converted based on the evidence that the medical expenses were associated with the 2004 slip and fall and did not relate back to the 1984 accident. It argues that its denial was proper because the 2004 slip and fall was a possible superseding and intervening accident and because the May 2004 MRI showed a greater injury to Plaintiff's back than appeared on the January 2004 MRI. Such an argument ignores the above discussed law that an employer is liable for an aggravation of a work-related injury. An employer cannot deny a claim simply because a second accident may have contributed to the injury. This is particularly true when the claimant's physician was of the clear opinion that the injury was work-related. Without evidence that would create a reasonable challenge to Dr. Gleason's opinion, we cannot say that the WCJ was clearly wrong in assessing Defendant penalties and attorney fees.

CONCLUSION
For the foregoing reasons, the judgment of the WCJ in favor of Plaintiff, Wilbert J. Lemons, is affirmed. The exception of prescription dismissing Plaintiff's claim for indemnity benefits is affirmed. Costs are assessed equally between the parties.
AFFIRMED.
NOTES
[1] Defendant asserts that, according to its records, the accident occurred in 1986. The exact year of the initial injury to Plaintiff is irrelevant, however, due to the length of time that has passed from either date.
[2] Plaintiff appealed the grant of the exception of prescription and this court held that the judgment on that ruling alone was not an appealable judgment and remanded for further proceedings. Lemmons v. Georgia Pacific Corp., 42,142 (La.App. 2d Cir.4/18/07), 955 So.2d 273. We note that Defendant's surname was misspelled in some of the documents from the Office of Worker's Compensation and that misspelling was continued to the previous appeal. We, however, style the case with the correct spelling.
[3] La. R.S. 23:1209 A provides:

A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
[4] La. R.S. 23:1203(B) provides:

B. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, whether in state or out of state, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less. Any out-of-state provider is also to be subject to the procedures established under the office of workers' compensation administration utilization review rules.