STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 17-90 consolidated with WCA 17-91


JEFFREY BROUSSARD

VERSUS

ASCO VENTURE HOLDINGS, ET AL.



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 09-10730 C/W 11-02776
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED.**



**Kim Purdy Thomas**
**Patrick F. Cole**
**Ann Rene Shores**
**Thomas, Soileau, Jackson, Baker & Cole, L.L.P.**
**401 Edwards St., Suite 2015**
**Shreveport, LA 71101**
**(318) 216-5058**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Liberty Mutual Insurance Co.**
    **Asco Venture Holdings**

**Lawrence N. Curtis**
**P.O. Box 80247**
**Lafayette, LA 70598-0247**
**(337) 235-1825**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Jeffrey Broussard**

**EZELL, Judge.**

Asco Venture Holdings and its insurer, Liberty Mutual Insurance Company (herein after collectively referred to as "Defendants"), appeal the decision of the workers' compensation judge below awarding Jeffery Broussard $25,468.18, plus penalties and attorney fees, for Defendants' failure to fully pay a prior judgment against them. For the following reasons, we affirm the decision of the workers' compensation judge.

Mr. Broussard was injured while working as a truck driver for ASCO in 2004. The Defendants paid him workers' compensation benefits from the time of his accident through the present time. In 2007, Mr. Broussard's orthopedic surgeon recommended he lose weight so that he could safely undergo back surgery for his 2004 injuries.[1] After several attempts through various methods over the next few years, four doctors, including two of Defendants' own second medical opinion physicians, recommended bariatric surgery to facilitate Mr. Broussard losing weight. Despite their own doctors "strongly recommend[ing]" the surgery, Defendants twice failed to approve it, making Mr. Broussard financially responsible for the surgery, which was performed in July of 2009. Mr. Broussard eventually filed a 1008 claim form seeking to force Defendants to pay the costs of his treatment.

In August of 2009, a workers' compensation judge ordered Defendants to pay Mr. Broussard for "all medical bills incurred, but not yet paid" stemming from the workplace accident, specifically listing bills incurred that totaled $53,336.91, including the cost of the bariatric surgery. Mr. Broussard was also awarded penalties and attorney fees in the amounts of $8,000.00 and $16,000.00,

---

[1]Mr. Broussard's back injury was described by his doctors as a contributing factor in his obesity.

respectively. Defendants did not appeal that judgment. Rather than seeking review or paying the judgment as ordered, Defendants instead directly paid the medical providers listed in the judgment at discounted fee schedule rates, rather than the full amounts ordered.

In December of 2009, Mr. Broussard filed the current 1008 claim form, seeking enforcement of the judgment and penalties and attorney fees for Defendants' failure to fully pay. After several delays, the workers' compensation judge ruled that the Defendants underpaid the 2009 judgment by $25,468.18 and that the underpayments were not due to any cause beyond Defendants' control. The workers' compensation judge further ordered Defendants to pay penalties and attorney fees of $6,112.36 and $15,000.00, respectively. From that decision, Defendants appeal.

On appeal, Defendants assert six assignments of error. Defendants claim that the workers' compensation judge erred in: ordering judgment in Mr. Broussard's favor in the amount of $25,468.18; in failing to apply the workers' compensation fee schedule to the 2009 judgment; in denying their exception of no right of action; in failing to apply La.R.S. 23:1212; in denying Defendants' motion to modify the 2009 judgment; and in awarding Mr. Broussard penalties and attorney fees.

*Non-payment of Judgment*

Defendants' first two assignments of error claim that the workers' compensation judge erred in awarding Mr. Broussard $25,468.18, as they assert the workers' compensation judge should have applied the workers' compensation fee schedule to Mr. Broussard's medical bills. Defendants assert that they have fully

2

complied with the 2009 judgment if the fee schedule is applied. Because those assignments of error overlap, we will address them together.

As noted in *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840, pp. 7-8 (La. 7/1/97), 696 So.2d 551, 556 (alteration in original):

> Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Smith v. Louisiana Dep't of Corrections*, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Freeman,* 93-1530 at p. 5, 630 So.2d at 737-38; *Stobart v. State*, 617 So.2d 880, 882 (La.1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Stobart*, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

The reasoning for a defendant's failure to pay a final, nonappealable judgment within thirty days is a finding of fact subject to the manifest error standard of review. *Wilzcewski v. Brookshire Grocery Co.*, 10-1148 (La.App. 3 Cir. 3/16/11), 59 So.3d 530.

Defendants argue that Mr. Broussard's medical expenses should have been reduced to the amount recoverable under the workers' compensation fee schedule as mandated by La.R.S. 23:1203(B). However, when an employer denies a claim, the employer can be required to pay the actual medical expenses incurred by its employee and cannot avail itself of the fee schedule. *Louviere v. Food & Fun, Inc.*, 06-469 (La.App. 3 Cir. 10/11/06), 941 So.2d 155; *Smith v. Roy O. Martin Lumber Co.*, 03-1441 (La.App. 3 Cir. 4/14/04), 871 So.2d 661, w*rit denied*, 04-1311 (La. 9/24/04), 882 So.2d 1144.

> This is because claimant is then forced to fund the costs of medical treatment himself and because, if the employer denies the claim from the outset, it has no right to pre-approve any treatment. La. R.S. 23:1142(E); *Smith v. Roy O. Martin Lumber Co., supra.* Since Defendant has continuously denied its liability, it is liable for the actual medical expenses incurred by Plaintiff.

*Lemons v. Georgia Pac. Corp.*, 42,950, p.11 (La.App. 2 Cir. 2/13/08), 976 So.2d 307, 314, *writ denied*, 08-587, 08-590 (La. 5/2/08), 979 So.2d 1288, 1289.

As noted above, Defendants continuously denied Mr. Broussard's claims for bariatric surgery. He was therefore forced to unilaterally schedule the surgery at his own expense. Because they denied the claim, the prior workers' compensation judge ruled that the Defendants could not benefit from the fee schedule. Defendants did not appeal that decision.

Moreover, we note that the bills that were the subject of the 2009 judgment are not truly at issue in the current litigation, as that decision is not currently before this court. Rather, what is in dispute here is whether Defendants actually complied with that 2009 judgment as ordered. It is clear and uncontested that Defendants failed to tender payment in accordance with the 2009 judgment. Instead, Defendants attempted what can only be described as an "end run" around that judgment by unilaterally paying the medical bills described therein at the reduced fee schedule rates, rather than the higher priced bills incurred by Mr. Broussard and *specifically ordered* to be paid in the judgment. To reiterate, Defendants paid the fee schedule amounts *after being ordered to pay the full amounts*, in direct contravention of that judgment. Their partial payments did not satisfy that judgment. Though the Defendants could have sought to appeal the 2009 judgment, Defendants did not, and did not seek to modify the judgment until 2015, years after the judgment became final, years after they failed to comply with the judgment,

4

and years after Mr. Broussard filed his disputed claim for compensation for their failure to pay.

Defendants claim that the effect of this court enforcing the 2009 judgment would amount to a windfall for Mr. Broussard. However, we note that had the Defendants timely paid the judgment to Mr. Broussard, *as rendered*, that would not be the case. Defendants created that situation when they, of their own accord, paid the medical providers at the lower fee schedule rates, despite being directly ordered not to. Prior to that action on their part, the bills were Mr. Broussard's alone, as Defendants had denied his claim for bariatric surgery. Defendants did not approve Mr. Broussard's bariatric surgery, despite the fact that two of their own second medical opinion physicians recommended the surgery. The workers' compensation judge ruled in 2009 that the Defendants could not avail themselves of the fee schedule, at that time, because of this denial and the fact that Mr. Broussard would have been forced to cover the cost of the procedure himself, but for its 2009 ruling. Again, Defendants did not appeal that 2009 decision.

We find no error in the current workers' compensation judge's determination that the Defendants should not be able to afford themselves the benefits of the fee schedule now, for failing to comply with a prior judgment that specifically denied its use. The fact that medical providers accepted the lesser amounts from the Defendants does not change the content of the 2009 judgment against them, nor the very specific awards listed therein. Defendants should not be afforded their own windfall for willfully failing to comply with the 2009 judgment as written. These assignments of error are devoid of merit.

*No Right of Action*

The Defendants next claim that the workers' compensation judge erred in denying their exception of no right of action, claiming that Mr. Broussard is not a proper party to bring the action for the underpayment of the judgment. We disagree.

Whether a right of action exists is a question of law requiring a de novo review. *Guidry v. East Coast Hockey League, Inc.*, 02-1254 (La.App. 3 Cir. 3/5/03), 844 So.2d 100, *writs denied*, 03-1457, 03-1469, 03-1471 (La. 11/21/03), 860 So.2d 543 (citing *Mississippi Land Co. v. S & A Properties II, Inc.*, 01-1623 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200).

The 2009 judgment set forth a specific amount to be paid to Mr. Broussard, $53,336.91, based on specific medical expenses considered by the court at that time. Mr. Broussard's health care providers are not parties to this suit, nor were they parties to the prior claim that gave rise to the 2009 judgment. That judgment did not order the Defendants to pay the medical providers, it was granted in favor of Mr. Broussard alone. This assignment of error is without merit.

*Offsets under Louisiana Revised Statutes 23:1212*

The Defendants next claim that the workers' compensation judge erred in failing to apply La.R.S. 23:1212 for payments made to medical providers from other sources. Louisiana Revised Statutes 23:1212(A) provides that:

> Except as provided in Subsection B, payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, or by Medicaid or other state medical assistance programs of medical expenses that are owed under this Chapter, shall extinguish the claim against the employer or insurer for those medical expenses. This Section shall not be regarded as a violation of R.S. 23:1163. If the employee or the employee's spouse actually pays premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the

6

employee or the employer of his spouse paid the health insurance premiums.

As noted in *Lemons*, 976 So.2d at 314,

> This provision is not self-operating. *Authement v. Wal-Mart*, 02-2434 (La.App. 1st Cir.9/26/03), 857 So.2d 564. The employer must plead its La. R.S. 23:1212 offset and prove it with evidence showing that a payment of a certain amount of the employee's medical expenses was made by a person other than the employee, a relative or friend of the employee. *Id.*; *Gros v. Gaudin*, 02-309 (La.App. 5th Cir.10/16/02), 831 So.2d 304.

There is nothing in the record which indicates that the Defendants pled or asserted any rights under La.R.S. 23:1212 prior to the 2009 judgment. Again, it seems as though the Defendants are seeking to relitigate the 2009 judgment they did not appeal. Moreover, the workers' compensation judge in the instant matter considered the Defendants' current La.R.S. 23:1212 claims and found that the Defendants did not sufficiently prove them at trial. There is nothing in the record before this court indicating that that finding is in error.

*Modification of Judgment*

The Defendants next claim that the workers' compensation judge erred in failing to modify the 2009 judgment against them. The Defendants claim that under La.R.S. 23:1310.8(A)(1), the workers' compensation judge has broad discretion to modify or amend a judgment. Louisiana Revised Statutes 23:1310.8(A)(1) provides that the "jurisdiction of the workers' compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified." As noted in *Gabriel v. Lafourche Parish Water District*, 12-797 (La.App. 1 Cir.

7

2/25/13), 112 So.3d 281, 285, *writ denied,* 13-653 (La. 4/26/13), 112 So.3d 848

(footnote omitted):

> The modification power of LSA-R.S. 23:1310.8(A) and (B) exists for the purpose of modifying awards due to a change in the worker's condition. Because changes in medical condition and disability status are dynamic and ongoing by their nature, the legislature enacted LSA-R.S. 23:1310.8(A) and (B) to afford needed flexibility to ensure that benefits correspond to such changes. Res judicata thus cannot preclude litigation seeking a change in the amount of compensation benefits based upon a change in disability. *Chaisson v. Central Crane Service,* 2010–0112 at p. 9 n. 6, 44 So.3d at 888 n. 6.

A judgment of the workers' compensation judge can only be modified "on the ground of a change in conditions." La.R.S. 23:1310.8(B); *See Anzalone v. Allstate Ins. Co.,* 97-866 (La.App. 1 Cir. 4/8/98), 714 So.2d 18, *writ denied*, 98-2180 (La. 11/13/98), 730 So.2d 939; *Gabriel,* 112 So.3d 281. Nothing in the record indicates that Mr. Broussard's condition has changed or that his right to workers' compensation benefits was being relitigated in any way.

Moreover, La.Code Civ.P. art. 1951 provides, in pertinent part: "On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation."

> Pursuant to La. C.C.P. art. 1951, amendment of a final judgment is permissible, as long as it does not alter the substance of the judgment. *Greene v. Highlands Ins. Co.,* 14-223 (La.App. 3 Cir. 10/8/14), 159 So.3d 496, 501; *Ryland v. St. Mary's Residential Training School,* 03-27 (La.App. 3 Cir. 4/30/03) 843 So.2d 1237, 1240, *writ denied*, 03-1536 (La. 10/3/03), 855 So.2d 311. In *Tunstall v. Stierwald,* 01-1765 (La. 2/26/02), 809 So.2d 916, 920, the Louisiana Supreme Court stated, "a judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment."

*Mangiaracina v. Avis Budget Group, Inc.,* 16-211, p. 5 (La.App. 5 Cir. 9/22/16), 202 So.3d 171, 175.

We find that reducing a prior judgment, unappealed by the Defendants, by roughly half would certainly take from that judgment in violation of La.Code Civ.P. art. 1951. We can find no abuse of the workers' compensation judge's broad discretion in his refusal to modify the 2009 judgment.

*Penalties and Attorney Fees*

Defendants finally claim that the workers' compensation judge erred in awarding penalties and attorney fees. Again, we disagree.

A workers' compensation judge is given great discretion in finding that penalties are due, and this discretion will not be overturned unless it is clearly wrong. *Harvey v. B E & K Constr.*, 30,285 (La.App. 2 Cir. 8/19/98), 716 So.2d 514.

Louisiana Revised Statutes 23:1201(G) provides for penalties and attorney fees as follows:

> If any award payable under the terms of a final, non-appealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

We can find nothing in the record which indicates the workers' compensation judge below abused his great discretion in awarding penalties and attorney fees. The 2009 judgment was a final, nonappealable judgment, and the Defendants clearly did not pay it as ordered. The Defendants' failure to fully pay the award within thirty days after it became due did not result from conditions over which they had no control. Rather, the Defendants purposefully paid lesser

9

amounts than ordered by that judgment. The workers' compensation judge did not err in awarding claimant penalties and attorney fees as provided by La.R.S. 23:1201(G).

In his brief, Mr. Broussard's counsel seeks additional attorney fees for the work done on appeal. "'However, he did not file his own appeal nor answer the appeal, so he is not entitled to additional attorney's fees for the work performed on the appeal'." *Johnson v. St. Frances Nursing & Rehab. Ctr.*, 14-599, p. 15 (La.App. 3 Cir. 12/23/14), 155 So.3d 689, 698 (quoting *Dugas v. Aaron Rents, Inc.*, 02-1276, p. 4 (La.App. 3 Cir. 3/5/03), 839 So.2d 1205, 1208); *See also* La.Code Civ.P. art. 2133.

For the above reasons, the decision of the workers' compensation judge below is hereby affirmed. Costs of this appeal are hereby assessed against the Defendants.

**AFFIRMED.**